## City of Corbin et al. v. Peace et al.

(Decided April 21, 1936.)

TYE, SILER, GILLIS & SILER and T. F. YOUNG for appellants.

HIRAM H. OWENS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Corbin is a city of the third class operating under the commission form of government. In 1924, the city authorities decided to enter upon an extensive program of street improvement and to that end the city commissioners enacted ordinances providing for the improvement of certain streets by high-type construction, the cost of which was to be borne by abutting property owners. Practically all the property owners accepted the ten-year payment plan, under which streets or portions of streets improved were placed in separate districts or divisions, and bonds for the aggregate amount of the assessment against each section or division were issued in separate series.

Ben A. Peace and C. G. Fogle owned property abutting on Kentucky avenue in the same division or district, and bonds, designated as series D, to the amount of something over $11,000 were issued for assessments in that division. The assessments against Fogle and Peace, respectively, were $1,197 and $570. Up to the time the controversy arose, Peace and Fogle had by payment of annual assessments reduced the aggregate amount for which they were liable to $993.

Because of the inability of many property owners to meet their annual installments, there had been a default on payment of principal and interest due on the street assessment bonds and this with the general business depression and decrease in property values resulted in a very great depreciation in the market price of these bonds.

It appears that T. W. Gallagher, one of the city commissioners, interested himself in assisting property owners to purchase street assessment bonds at greatly reduced prices, thus enabling them to materially reduce their obligations. A conference was had between Gallagher, Peace, and Fogle concerning the purchase of one of the $1,000 series D bonds in which Gallagher

indicated that such a bond could be bought at 72½ or $725 for the $1,000 bond. Mr. Gallagher communicated with a St. Louis firm owning some of these bonds and inquired if a bid of $625 would be accepted. Without further communication, the bond with a draft against the city of Corbin for that amount attached was forwarded to a bank at Corbin. Peace and Fogle were notified that the bond had come; thereupon they made arrangements for the money, went to the city treasurer's office and paid approximately $725, and received a receipt in full of their street assessments. Shortly thereafter they learned that there was $180 accrued interest on the bond and that it had been purchased at $625 instead of $725. Thereupon they instituted this action against Gallagher seeking to recover $280 representing the accrued interest and the difference in the sum they had paid for the bond and the price for which it was sold by the holder.

By answer of Gallagher it was made to appear that he had no interest in the matter except to act for the accommodation of the property owners; that the $280 had been transferred from the street assessment fund into the general fund of the city, and that he had received no profit whatever from the transaction. Thereupon the plaintiffs filed a petition to make the city a party.

Gallagher and the city filed answer making a general denial of the allegations of the petition and setting up certain affirmative defenses which it is unnecessary to enumerate; and the city made its answer a cross-petition against plaintiffs seeking to recover $186.32, the difference between the amount paid by them to the city treasurer and the balance actually due on their assessments.

On consideration of the demurrers to the pleadings, the court concluded that no cause of action had been shown against the city, dismissed the action as to it and struck it as a party plaintiff.

Trial before a jury resulted in a verdict for plaintiffs in the sum of $280 and the court rendered judgment accordingly, but further provided: "As to the defendant the city of Corbin, the court is of the opinion and so adjudges that it was not, in its official capacity, a party to the transaction here in controversy and stat-

ed it placed the money involved in this action in the street sewer fund, the said Gallagher may or the said city may withdraw said fund, without liability, therefrom and thus restore to the said Gallagher the moneys herein adjudged against him, except no cost shall be paid by him.'' Gallagher and the city are here on motion for appeal.

It appears in evidence that when Peace and Fogle paid the $725 or approximately that amount to the street improvement fund, the treasurer drew a check on that fund in payment of the draft attached to the bond which had been transferred to the general fund of the city, but after this controversy arose the $280 was properly transferred back into the street fund. Counsel for movants have discussed at length and with learning many interesting questions, but as we view the matter the issues are very simple. There is ample evidence to sustain the jury's conclusion that Peace and Fogle contracted to purchase the bond at whatever price it could be procured not to exceed 72½. They paid the maximum price without knowledge it had been purchased for $100 less, or that there was $180 accrued interest. This bond was taken in by the city authorities and canceled, thus relieving property owners in the division against which the series D bonds were issued of their obligation to that extent. Mr. Gallagher had no personal interest in and made no profit whatever out of the transaction, but was acting solely for the accommodation of Peace and Fogle. When Peace and Fogle purchased the bond, they stepped into the shoes of the seller and were entitled to the proceeds of the bond. While the city disclaims any authority to act as broker or agent in the purchase of bonds or to deal for profit therein, the fact remains that it retains in the street and sewer fund $280 due Peace and Fogle and to which they are entitled.

We therefore conclude that the court erred in dismissing the action as to the city and striking it as a party defendant, and, in the proven circumstances, adjudging recovery against Gallagher.

Wherefore the motion for appeal is sustained and judgment reversed for proceedings consistent with this opinion.